Nash, C. J.,
 

 after stating the case as above : It is abundantly proved by the depositions on file, that the defendant, Fortes-cue did know that Charles B. Russell purchased the corn of him-for his own use. In the first place, his denial is evasive. His statement is, that
 
 “
 
 Charles Russell kept a country store and trad - ed for corn and again sold it, generally at an advance by retail, ot shipped it to a northern port with a view to profit expected from such sales, and for money ; that
 
 he did not inquire of
 
 him, and does not know, whether said Russell bought said corn for his own use, or to raise money on it to pay the debts of the said Benjamin Russell’s estate ” &c. This statement is sufficiently suspicious to deprive it of all weight as an answer to the plaintiff’s interrogatory. Weakened as it is by the terms in which it is clothed, it is entirely destroyed by the proofs. Mr. Mason’s deposition shows, that when Fortescue was talking of selling the corn to Russell, he told the deponent that William J. Smith had forewarned or begged him not to take the Warner note, and that he had promised him he would not; but that afterwards, Fortescue told him he had concluded to take it, as he was getting a better price for his
 
 com
 
 — that
 
 Russell had offered him his own noté, but he toas afraid of it, and that Russell was compelled to have the money to pay in
 
 Rank. Mr. May proves, that before the corn was sold, he heard the plaintiff tell Fortescue not to take the Warner note, and that Russell would use the funds for his own purposes. ' An executor.and an administrator has the legal title to the property of him they represent, and may sell and dispose of it
 
 *129
 
 so as to convey the title that is m him, and a purchaser will ao quire a valid title, unless he knows that the trustee is violating his trust; — as that he is using the fund for his own purposes, to pay his own debt. Nor is it necessary that the purchaser should have an actual knowledge of the particular fraud intended. If any thing appears calculated to excite his attention, the party is considered in Equity as having knowledge of all that the inquiry woidd have disclosed.
 
 McLeod
 
 v.
 
 Drummond,
 
 17 Ves. 159;
 
 Exum
 
 v.
 
 Bowden,
 
 4 Ire Eq. 281;
 
 Wilson
 
 v.
 
 Doster,
 
 7 Ire. Eq. 231. It was the duty of Fortescue to have made the necessary inquiry — hé made none, as he states himself, and with the evident intent to evade its effect, and with the knowledge that Charles B. Russell wanted to raise money by the sale of the com to pay his debt in Bank.
 

 To sum up the case, as far as the defendant Fortescue is concerned — here is a man dealing with an administrator for the funds of the estate, with full knowledge of that fact — for not only is he informed of it, but upon its face the note is payable to Russell, as administrator — -he is put upon his guard not to take it, that the administrator is using it for his own purposes the case is too plain to occasion a moment’s hesitation in saying, We are entirely satisfied that he did know that Russell was abusing his trust — that he wanted the money which the. corn would bring, not to pay any debt due by the estate of Benjamin, but to pay in Bank on his own debt. He was, in the transaction, a
 
 particeps Criminis
 
 of a gross fraud.
 

 The bill is dismissed as to Warner and Slade, with costs as to Warner, but none as to Slade, as he does not answer. They had a right to take up the note, by paying its contents to any legal holder ; and as to Willord also, the bill states that his intestate died insolvent — he therefore has no assets.
 

 There must be a decree against Fortescue for tbe amount of the note, with interest from the time it fell due, and he must pay the costs of this suit.
 

 Per Curiam. Decree accordingly*